IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


CLIFTON T. HASTINGS,

                Plaintiff,

    v.

DHS, Child Welfare Gresham Branch,

                Defendant.

No. 03:12-CV-741-HZ

OPINION & ORDER


Clifton T Hastings, Pro Se
130 Howe St.
Detroit, OR 97342

      Attorney for Plaintiff


HERNANDEZ, District Judge:

      Plaintiffs brings this civil action pro se.  Pursuant to an order entered by the court,

Plaintiff Clifton Hastings was granted leave to proceed in forma pauperis.  Dkt. #4.  However,

for the reasons set forth below, the complaint is dismissed.

1 - OPINION & ORDER

BACKGROUND

Plaintiff alleges a wrongful death claim against Defendant DHS, Child Welfare Gresham Branch.  Compl. at 3.  The factual allegations supporting this claim for wrongful death consist of the following:  "This State Agency broke many laws some were felonies, in the false removal of my grandsons.  Unlawfully placed them in [which] my youngest grandson was killed at the age of 7 years old."  Id.  Plaintiff alleges federal question jurisdiction.  Id.

STANDARDS

Where a plaintiff is granted leave to proceed in forma pauperis, the court shall dismiss the case at any time if the court determines that:

> (B) the action . . .
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).

In order to state a claim, Plaintiff's complaint must contain sufficient factual allegations which, when accepted as true, give rise to a plausible inference that Defendants violated Plaintiff's constitutional rights.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556-57 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

As the Ninth Circuit has instructed however, courts must "continue to construe pro se filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint filed "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)).

Before dismissing a pro se civil rights complaint for failure to state a claim, this Court supplies the plaintiff with a statement of the complaint's deficiencies. Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A pro se litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Lopez, 203 F.3d at 1130-31.

DISCUSSION

Federal courts are courts of limited jurisdiction and cannot hear every dispute presented by litigants. Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1995). A district court is empowered to hear only those cases which are within the judicial power conferred by the United States Constitution and those which fall within the jurisdiction granted by Congress. Richardson v. United States, 943 F. 2d 1107, 1112-13 (9th Cir. 1991). Original jurisdiction must be based either on diversity of citizenship, in suits involving more than $75,000 between citizens of different states or on a claim involving the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 1331-32.

Diversity jurisdiction requires that all plaintiffs be of different state citizenship than all defendants. Pullman Co. v. Jenkins, 305 U.S. 534, 541 (1939). To establish diversity jurisdiction, Plaintiffs must allege that they are citizens of one state, that all of the Defendants are citizens of other states, and that the damages are more than $75,000. To invoke federal question

jurisdiction, Plaintiffs must plead that Defendants have violated some constitutional or statutory provision.

Plaintiff alleges federal question jurisdiction, but an allegation of wrongful death is not a federal question.  Furthermore, diversity jurisdiction does not exist as Plaintiff is a resident of Oregon and Defendant "DHS" is the Department of Human Services, a state agency. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's complaint, and must therefore dismiss the complaint.  See Fed. R. Civ. P. 12(h)(3) (court is required to dismiss an action if the court determines that it lacks subject matter jurisdiction); Scholastic Entm't, Inc. v. Fox Entm't Group, Inc., 336 F.3d 982, 985 (9th Cir. 2003).

CONCLUSION

Based on the foregoing, Plaintiff's complaint is dismissed.  Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiffs are advised that failure to file an amended complaint which cures the deficiencies noted shall result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

Dated this ___3___ day of July, 2012.

MARCO A. HERNANDEZ
United States District Judge